# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:23-cv-117-KDB

| | |
|---|---|
| ACQUILLA BOOZE CAIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MATTHEW OSBORNE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Matthew Osborne's Motion for an Extension of Time to Answer Complaint and to Deem Answer on File as Timely [Doc. 22] and on the Plaintiff's Motion to Compel Discovery [Doc. 26].

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Iredell County Detention Center. [Doc. 1]. The Complaint passed initial review against Defendant Osborne for the use of excessive force, and the Court exercised supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims against him. [Doc. 16]. The United States Marshals Service returned an executed summons indicating that Defendant Osborne had been served on December 1, 2023. [Doc. 19]. On January 12, 2024, the Court issued an Order requiring the Plaintiff to take further action to prosecute this case within 14 days. [Doc. 20]. On January 18, 2024, Defendant Osborne filed an Answer and the instant Motion. [Docs. 21, 22].

Here, the Defendant explains that the U.S. Marshal attempted to serve the Defendant by going to the Iredell County Sheriff's Office where an officer signed a form indicating that he was accepting service on behalf of the Defendant. Through inadvertence, the package was not actually

delivered to the Defendant. Therefore, the Defendant did not know that he had purportedly been served until January 17, 2024, when the Court's January 12 Order was delivered to the Sheriff and a Sheriff's Office attorney. [Doc. 22]. The Defendant, therefore, asks the Court to deem his January 18 Answer timely filed due to excusable neglect, or because he was never properly served. The Plaintiff objects, arguing that Defendant Osborne was served the moment that the summons was signed on his behalf. [Doc. 25].

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

The Court finds that Defendant Osborne has shown good cause to extend the deadline to answer due to excusable neglect and improper service. Defendant Osborne's Motion is granted, and the Answer is accepted as timely filed.

The Plaintiff's Motion to Compel Discovery [Doc. 26] is denied as moot, as the discovery period had not yet opened when the Plaintiff filed his Motion. See LCvR 26.1 ("Official Court-ordered and enforceable discovery does not commence until issuance of the scheduling order."); see also LCvR 26.2 (as a general matter, discovery should not be filed with the Court).

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Matthew Osborne's Motion for an Extension of Time to Answer Complaint and to Deem Answer on File as Timely [Doc. 22] is **GRANTED** and the Answer [Doc. 21] is accepted as timely filed.

2. Plaintiff's Motion to Compel Discovery [Doc. 26] is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

Signed: February 7, 2024

Kenneth D. Bell
United States District Judge